**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| **DUANE EDWARDS MORRIS,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 4:21-cv-00196-CDL-MSH |
| VS. | : | |
| | : | |
| **SHERIFF GREG COUNTRYMAN,** | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |
| Defendants. | : | |
| _____ | : | |

**ORDER**

*Pro se* Plaintiff Duane Edwards Morris, a previous inmate at the Muscogee County Jail in Columbus, Georgia, filed this complaint requesting injunctive relief under 42 U.S.C. § 1983. ECF No. 1. Subsequently, Plaintiff was transferred to Paulding RSAT in Dallas, Georgia. ECF No. 5. On March 30, 2022, the Magistrate Judge granted Plaintiff's motion to proceed *in forma pauperis* and recommended that Plaintiff's complaint and request for injunctive relief be dismissed as moot. *See* ECF No. 6. Plaintiff was allotted fourteen days to object to the recommendation of dismissal and was provided instructions on how to do so. *Id*. The Magistrate Judge's Order and Recommendation was forwarded by the Clerk of Court to the Plaintiff on March 31, 2022. Plaintiff did not file any objections. On May 7, 2022, this Court reviewed the recommendation of the Magistrate Judge and finding no error, dismissed the present action without prejudice. ECF No. 7.

On June 2, 2022, Plaintiff filed a letter with the Court stating that he "was under the assumption that by being authorized to proceed in forma pauperis [he] was not required to

manually commence the action of service of summons, it would be done by the Court". ECF No. 9.  Plaintiff further states that he has "come to believe that [he] may have erred in [his] assumption and risk a dismissal of [his] complaint without prejudice" and that "the court has given no order that service be made".  *Id*.  Lastly, he states that if there is no summons or service order that he "will promptly file a motion for an extension of time, regardless of the futility of the act".  *Id*.  Although recognizing his awareness that the Magistrate Judge had granted his motion to proceed *in forma pauperis*, Plaintiff never addresses the Magistrate Judge's recommendation of dismissal from the same order granting his motion nor the entry of judgment in this action.  *See id*.

On June 6, 2022, Plaintiff filed a letter regarding the entering of judgment.  ECF No. 11.  Plaintiff states that he "was not notified of the fact that there was to be a hearing on this matter, nor was [he] made aware of the fact that a recommendation had been made".  *Id*.  Plaintiff then requests "instructions on how to file an appeal".  *Id*.

Because Plaintiff appears to request that this Court revisit its decision to dismiss his complaint, Plaintiff's letter (ECF No. 11) is construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e).  *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1299 (11th Cir. 2010) (recognizing that the courts routinely treat post-judgment motions for reconsideration as Rule 59(e) motions).  The Court recognizes only three circumstances that warrant reconsideration of a prior order under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice."  *Daker v. Humphrey*, Civil Action No. 5:12-

2

CV-461 (CAR), 2013 WL 1296501, at *2 n.1 (M.D. Ga. Mar. 27, 2013) (quoting *Fla. College of Osteopathic Med., Inc. v. Dean Witter*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)); *see also Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

Rule 59(e) "cannot serve as a vehicle to relitigate old matters or present the case under a new legal theory . . . [or] give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Daker v. Dozier*, No. 5:17-cv-25 (CAR), 2017 WL 4797522 at *1 (M.D. Ga. Oct. 24, 2017) (internal quotation marks omitted) (alterations in original); *see also Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Furthermore, "'motions for reconsideration are disfavored'" and "'relief under Rule 59(e) is an extraordinary remedy to be employed sparingly.'" *Mercer v. Perdue Farms, Inc.*, No. 5:10-cv-324 (CAR), 2012 WL 1414321, at *1 (M.D. Ga. Apr. 20, 2012) (quoting *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010)); *see also Daker*, 2017 WL 4797522, at *1 (holding same).

Motions for reconsideration under the Local Rules are treated similarly. In this regard, motions for reconsideration are not to "be filed as a matter of routine practice." M.D. Ga. Local R. 7.6. Moreover, reconsideration is only appropriate when "(1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law." *Fla. Found. Seed Producers, Inc. v. Ga. Farms Servs., Inc.*, 977 F. Supp. 2d 1336 (M.D. Ga. 2013).

Here, Plaintiff' complained that his constitutional rights were violated at the Muscogee County Jail because he wanted to order an almanac but could not do so because the jail had a policy banning the sending of books to inmates.  ECF No. 1 at 5.  Plaintiff requested that this Court "issue a temporary injunction condemning the action taken by the Sheriff Greg Countryman until such time that a declaratory judgement can be issued" and restore Plaintiff's "First Amendment right to receive publications from a publisher, bookstore, or book club".  *Id*. at 7.  Thus, Plaintiff' requested only injunctive relief for his claims.  After the filing of his suit, Plaintiff was transferred out of the Muscogee County Jail to Paulding RSAT in Dallas, Georgia.  ECF No. 5.  As Plaintiff was previously informed,[1] "[t]he general rule is that a detainee's transfer or release from a jail moots that detainee's claims for injunctive relief."  *Rau v. Moats*, 772 F. App'x 814, 817 (11th Cir. 2019) citing *McKinnon v. Talladega Cnty.*, 745 F.2d 1360, 1363 (11th Cir. 1984)); *see also Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) ("If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed.").  Accordingly, this complaint was dismissed and judgment was entered.  ECF Nos. 7 and 8.

Plaintiff raises no argument and claims within his post-judgment motion on new law, newly discovered evidence, nor why the Magistrate's recommendation was in any way erroneous or that a manifest injustice otherwise occurred.  *See* ECF No. 11.  Because

---

[1] *See* ECF No. 6 at 6.

Plaintiff has failed to satisfy the standards under Rule 59 or M.D. Ga. Local R. 7.6, Plaintiff's motion for reconsideration (ECF No. 11) is **DENIED**. [2]

    **SO ORDERED**, this **15th** day of **July, 2022**.

                                             S/Clay D. Land
                                             CLAY D. LAND, JUDGE
                                             UNITED STATES DISTRICT COURT

---

[2] Because the statute of limitations does not bar re-filing and Plaintiff's complaint was dismissed without prejudice, there is no prohibition on the Plaintiff filing his case as a new action.